IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL SHEPPARD,  )
 )
        Plaintiff, )
 )
vs. ) Case No. 17-CV-80-SMY-SCW
 )
ILLINOIS CENTRAL RAILROAD )
COMPANY, et al., )
 )
        Defendants. )

# MEMORANDUM AND ORDER

Before the Court are Defendants' motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) (Docs. 14, 27). Plaintiff filed responses in opposition (Docs. 24, 31). For the following reasons, the motions are **DENIED**.

## Background

Plaintiff Michael Sheppard was formerly employed by Illinois Central Railroad Company as an Assistant Trainmaster. Sheppard filed a complaint with the Occupation Safety and Health Administration ("OSHA") on March 4, 2016, alleging violations under the Federal Railroad Safety Act, 49 U.S.C. 20109 ("FRSA"). On October 16, 2016, Sheppard notified OSHA of his intent to file a complaint in federal court. On November 5, 2016, OSHA Supervisory Investigator Tim Crouse sent a response letter to Sheppard which stated:

> On March 7, 2016, your client filed a complaint under the Federal Rail Safety Act (FRSA), 49 U.S.C. §20109. Over 210 days have passed since your client filed his complaint… You have notified this Office by letter dated October 18, 2016, that you will be filing the above captioned case in Federal Court. As a result of your electing to proceed with your case in Federal Court, rather than before the Secretary of Labor, your complaint before this office is hereby dismissed.

Sheppard filed this action on January 26, 2017. Defendants contend that this court lacks jurisdiction because OSHA dismissed Sheppard's complaint and Sheppard did not file his federal

action within 30 days of the dismissal.

## Discussion

A motion to dismiss pursuant to Rule 12(b)(1) asks the court to dismiss an action over which it lacks subject matter jurisdiction. *See* Fed.R.Civ.P. 12(b)(1). In ruling on a motion to dismiss for lack of subject matter jurisdiction, the Court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Capitol Leasing Co. v. FDIC,* 999 F.2d 188, 191 (7th Cir.1993).

The FRSA provides a private right of action for employees involved in whistleblowing activities. An employee may seek relief by filing a complaint with the Secretary of Labor who "shall conduct an investigation of the complaint and issue findings". 49 U.S.C. § 20109(d)(2). A complainant may file objections to the findings or preliminary order, or both, and request a hearing on the record, but no later than 30 days after notification of the findings. 49 U.S.C.A. § 42121(b)(2)(A). The statute also provides for de novo review by the federal district courts and for appellate review of a final order of the Secretary of Labor by the federal courts of appeals. 49 U.S.C. § 20109(d) (3)-(4): "if the Secretary of Labor has not issued a final decision within 210 days after the filing of the complaint and if the delay is not due to the bad faith of the employee, the employee may bring an original action at law or equity for de novo review in the appropriate district court of the United States ...." 49 U.S.C. § 20109(d)(3).

Here, after the statutory 210 day period elapsed without an investigation or issuance of findings, Sheppard informed OSHA of his intent to file suit. OSHA, through Crouse, responded that because Sheppard was proceeding with his case in federal court, the complaint was "dismissed." Defendants assert that this Court lacks subject matter jurisdiction because Crouse's letter constitutes a "preliminary order" and therefore, pursuant to §42121(b)(2)(A), Sheppard was required to request a hearing within 30 days of receiving the letter, but failed to do so.

However, Crouse's letter was neither a dismissal nor an order, but merely the agency's acknowledgment that Sheppard was electing to proceed in federal court. The FRSA provides that the Secretary of Labor shall conduct an *investigation* and notify the complainant in writing of the Secretary's *findings*. When, as in this case, there is no investigation within 210 days and the complainant notifies OSHA that he will proceed in district court, the acknowledgment letter from OSHA is not a final order.

Defendants rely on *Lebron v. American Int'l Group, Inc.,* 2009 WL 3364039 (S.D.N.Y. Oct. 19, 2009) and *Mullen v. Norfolk Southern Ry. Co.,* 2015 WL 3457493 (W.D. Penn. May 29, 2015) as precedent. However, these cases are easily distinguishable as they involved actual investigations by the Secretary of Labor who also issued written findings. In this case, OSHA never began an investigation into Sheppard's complaint. Accordingly, Defendants' motions are denied.

**IT IS SO ORDERED.**

**DATED: May 30, 2017**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**